**Angelique M. MORRISON,
Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.**

No. 07–15960.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 12, 2008.*

Filed Jan. 9, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Bess M. Brewer & Associates, Sacramento, CA, for Plaintiff–Appellant.

USSAC—Office of the U.S. Attorney, Sacramento, CA, Peter K. Thompson, SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Before: COWEN,** THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM ***

Angelique Morrison appeals from the judgment affirming the Commissioner of Social Security's final decision to deny her application for Supplemental Security Income Disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381. The Social Security regulations establish a five-step inquiry to determine whether a claimant is entitled to benefits, 20 C.F.R. § 416.920, and Morrison contests the administrative law judge's (ALJ) decisions at steps three and five. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

■ First, we conclude that substantial evidence supported the ALJ's determination at step three that Morrison's severe mental impairments did not meet or equal one of the listings set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1. As required, the ALJ gave specific and legitimate reasons, supported by substantial evidence, to reject Morrison's treating physician's conclusory and controverted opinion that she was "totally incapacitated," as well as the opinions of two examining physicians. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005).

■ We further agree that substantial evidence supported the ALJ's determination at step five that Morrison's residual functional capacity includes some types of unskilled work. In addition to the ALJ's

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

proper rejection of the conclusions contained in several medical reports, the ALJ gave clear and convincing reasons, supported by substantial evidence, for the decision to reject Morrison's contention that she is entirely unable to work as a result of her impairments. *See Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir.2008). However, we hold that substantial evidence did not support the ALJ's conclusion at step five that Morrison's severe, solely non-exertional impairments, identified at step two, would impose no additional functional limitations on her ability to perform unskilled work.

Where a claimant's non-exertional limitations as determined at step two are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations at step five, the Multi–Vocational Guidelines (grids) relied on by the ALJ are insufficient to determine whether work exists that the claimant is capable of performing given her limitations. *See Hoopai v. Astrue,* 499 F.3d 1071, 1075–76 (9th Cir.2007); *see also Holohan v. Massanari,* 246 F.3d 1195, 1208–09 (9th Cir.2001). Here, at step two, the ALJ identified Morrison's severe impairments to include depression, generalized anxiety disorder, possible schizoaffective disorder, and possible personality disorder. The record establishes that these impairments are sufficiently severe so as to significantly limit the range of work permitted by Morrison's exertional limitations. Although the ALJ recognized the functional limitations that Morrison's non-exertional limitations impose, by noting that unskilled work generally requires working with objects, not with people, the ALJ nonetheless declined to retain a vocational expert to assess whether

sufficient jobs existed for Morrison, given her impairments.

In light of our determination that Morrison's severe, solely non-exertional impairments would impose limitations on her ability to perform unskilled work, the question whether there is any work that she can perform must be answered with the assistance of a vocational expert. We thus remand for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

AFFIRMED in part; REVERSED and REMANDED in part.